**Mina Latif SHAKER, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 01–70049.**

**I & NS A72–776–719.**

United States Court of Appeals, Ninth Circuit.

Submitted April 3, 2002.*

Decided April 17, 2002.

Before FERNANDEZ and RAWLINSON, Circuit Judges, and SHEA,** District Judge.

**MEMORANDUM ***

Mina Latif Shaker, a citizen of Egypt, petitions for review of the Board of Immigration Appeals' denial of his claim of asylum, withholding of deportation, and reopening and remand. We deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (citation omitted). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

Where an asylum claim is involved, an alien must show either past persecution or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS*, 79 F.3d 955, 960 (9th Cir.1996) (en banc). Even discrimination, "as morally reprehensible as it may be, does not ordinarily amount to 'persecution' within the meaning of the Act." *Ghaly*, 58 F.3d at 1431; *cf. Korablina v. INS*, 158 F.3d 1038, 1044–45 (9th Cir.1998) (where actions against alien went far beyond mere discrimination, persecution was shown).

Here the evidence before the BIA did not compel a finding of past persecution, even though Shaker did show some discrimination against Coptic Christians, including himself. *See Singh v. INS*, 134 F.3d 962, 967–68 (9th Cir.1998); *Prasad v. INS*, 47 F.3d 336, 340 (9th Cir.1995). Moreover, although Shaker has shown that he has a subjective fear of future persecution, the evidence is far from compelling a determination that the fear is objectively reasonable. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). Again, there is religious tension in Egypt, but that alone does not require a finding in his favor. *See id.* In fact, his father, who is also a Coptic Christian, is able to live there and operate his tourist business. *See id.* We cannot set aside the decision of the BIA.[1]

Finally, the BIA did not abuse its discretion when it failed to reopen proceedings and remand to the IJ so that Shaker could pursue a petition for suspension of deportation. *See* INA § 244(a), 8 U.S.C. § 1254(a)(1) (repealed 1996). The stop-time rule bars that relief because he was served with an order to show cause before he had accrued seven years of residence in this country. *See Ram v. INS*, 243 F.3d 510, 518–19 (9th Cir.2001). The BIA did not abuse its discretion. *See Popova v. INS*, 273 F.3d 1251, 1257 (9th Cir.2001).

Petition DENIED.

---

1. Because Shaker did not meet the requirements for eligibility for asylum, he was not entitled to withholding of deportation either. *See Ghaly,* 58 F.3d at 1429.